JOHN HARDNEY
D-00599
P.O. BOX 7500
CRESCENT CITY, CA. 95532



IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF CALIFORNIA

JOHN HARDNEY
  Petitioner,

V.

THOMAS CAREY, WARDEN,
  Respondent.

CASE NO. CIV S-05-1451
LKK EFB P

PETITIONER'S RESPONSE
TO DECEMBER 7, 2010
ORDER FOR
SUPPLEMENTAL BRIEFING



IN "2005" PETITIONER FILED A PETITION FOR WRIT OF HABEAS CHALLENGING DUE PROCESS VIOLATIONS THAT HAD OCCURRED AT A DISCIPLINARY HEARING.

PETITIONER SEEKS RELIEF ON THE DUE PROCESS GROUNDS, CLAIMING THAT (1) THE INVESTIGATIVE EMPLOYEE ASSIGNED TO ASSIST HIM IN PREPARING FOR THE DISCIPLINARY HEARING FAILED TO GATHER EVIDENCE AND CONDUCT INTERVIEWS;

(2) Petitioner was not given adequate notice of the charge against him because the notice did not include dates on which the misconduct was alleged to have occurred; and (3) Petitioner was not allowed to present witnesses at Disciplinary Hearing.

On December 7, 2010 this court issued an order for supplemental briefing to resolve the third of petitioner's claims.

In particular the court requested argument and/or evidence regarding: (1) Petitioner's assertion that he did not rescind his request for witnesses at the disciplinary hearing; (2) Petitioner's assertion that he requested that Sergeant Paradis appear to either refute or confirm that Officer Edwards had reported incidents of harassment; (3) If the SHO refused Petitioner's request to call Sergeant Paradis to testify, why; and (4) whether petitioner suffered prejudice as the result of any refusal to call Sergeant Paradis to testify.

A. Constitutional Law

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); also see Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir 1977).

An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken, see Wolff, 418 U.S. at 563.

An inmate has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," Wolff, 418 U.S. at 566, see also Ponte v. Real 471 U.S. 491, 495 (1985).

3

THE REFUSAL TO HEAR ANY WITNESSES CORROBORATING THE ACCUSED INMATE WILL DENY DUE PROCESS IF THE FACTS ARE IN DISPUTE. <u>SMITH V. MASCHNER</u> 899 F.2d 940 (10TH CIR 1990); THE REFUSAL TO CALL A PARTICULARLY IMPORTANT WITNESS IS ALSO LIKELY TO DENY DUE PROCESS. <u>GRAHAM V. BAUGHMAN</u> 772 F.2d 441 (8TH CIR. 1985);

(1) IT IS DECLARED UNDER THE PENALTY OF PERJURY, THAT PETITIONER DID NOT RESCIND HIS REQUEST FOR WITNESSES AT THE DISCIPLINARY HEARING, (SEE <u>EXHIBIT "H" P. 5</u>).

(2) IT IS FURTHER DECLARED UNDER THE PENALTY OF PERJURY THAT THE FOLLOWING CONTENTS ARE TRUE AND CORRECT.

● PETITIONER REQUESTED THAT SERGEANT PARADIS APPEAR TO REFUTE OFFICER EDWARDS CLAIM, THAT SHE REPORTED INCIDENTS OF HARASSMENT TO SGT. PARADIS. ABSOLUTELY NO WHERE IN THE RECORD DOES IT CONFIRM EDWARDS REPORTED HARASSMENT ALLEGATIONS TO SGT. PARADIS. IF THE HEARING OFFICER WOULD HAVE

4.

called Sgt. Paradis to testify, Paradis would have denied that Edwards reported harassment allegations to him. In Exhibit "L", Edwards stated, "she reported the incidents to her supervisor, Sgt. Paradis." This should have triggered the hearing officer to call Sgt. Paradis to resolve this disputed fact.

(3) It is unknown why the hearing officer refused to call Sgt. Paradis to testify, failure to do so violated petitioner's due process, and

(4) Petitioner suffered prejudice as the result of the hearing officer's refusal to call Sergeant Paradis to testify. Petitioner suffered prejudice when; the hearing officer refused to call Paradis to testify, to either refute or confirm Edwards testimony that she reported incidents of harassment to him. Paradis would have denied such incidents were reported to him if he was called to testify, and that, "he

was not notified by Edwards alleging petitioner would wait on her near the entrance way of the facility, as she testified at the hearing. See Exhibit "L".

Paradis testimony would have corroberated petitioner's testimony that he did not harass Edwards and she did not report allegations of harassment or any other misconduct to Sgt. Paradis as she alleged in her testimony. See Exhibit L

Paradis testimony would have supported and revealed that Edwards testimony was not reliable and therefore could have cleared the petitioner of the harassment allegations by Edwards.

## CONCLUSION

Wherefore based on the above facts and law shown herein and of record, petitioner has shown good cause why the Habeas corpus petition shall be granted

Respectfully submitted

Dated: April 20, 2001

John Hardney
JOHN HARDNEY
PETITIONER

STATE OF CALIFORNIA                                                                                                   DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                                                                       PAGE 3 OF 5

| DC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| -00599 | HARDNEY | S1-04-03-0340 | CSP-SOLANO | 04-08-04 |

[ ] SUPPLEMENTAL   [ ] CONTINUATION OF:   [ ] 115 CIRCUMSTANCES   [ ] HEARING   [X] IE REPORT   [ ] OTHER

**INTERVIEW OF REPORTING EMPLOYEE:** On 04-21-04, I interviewed Correctional Officer Z. Robinson. I informed Officer Edwards that I was the Investigative Employee (IE) for Inmate Hardney's, Rules Violation Report, Log #S1-04-03-0407. I asked Officer Edwards to review her report and add any pertinent facts that may assist the SID. Officer Edwards stated: "Everyday while walking across the yard to go home after work, Inmate Hardney would wait at the Education area and he would try to engage me in conversation or make a statement. This over familiar behavior has made me feel extremely uncomfortable in my work environment."

**INTERVIEW OF STAFF WITNESS(ES):** On 04/08/04, I informed Building #3 Correctional Officer R. Stewart that I was the Investigative Employee for Inmate Hardney, for Rule Violation Report Log #S1-04-03-0340. Q: I asked Officer Stewart if he recalled in late November or December of 2003, Inmate Hardney gave Correctional Officer a 602 for singling him out for Harrassment purpose and creating a hostile work environment? A: "No, I do not recall that." Q: Do you recall almost a month later around January 09, 2004, she wrote a 115 for Disobeying an Order and Hardney lost his dayroom privileges for 60 days from 02/29 through 04/29? A: "I know you lost your privileges, but do not know why." Q: Before Hardney lost his dayroom privileges on 02/29, did he frequently participate in the dayroom program? A: "Yes." Q: After Hardney lost his dayroom privileges on 04/29/04, did you inforce that restriction or did you allow him to attend the dayroom? A: "I enforced the restriction, but Hardney continually broke the restrictions." Q: On March 26, 2004, the day Hardney was placed in AD-Seg, did he lock-up at teh 1200 hours recall or did he hang-out in the dayroom until 1330 hours or longer? If yes, for what purpose? A: "I do not recall."

**INTERVIEW OF STAFF WITNESS:** On Thursday, April 08, 2004, I informed Correctional Sergeant J. Paradis that I was assigned as the Investigative Employee for Inmate Hardney, for Rules Violation Report Log #S1-04-03-0340. I asked Correctional Sergeant J. Paradis: Q: Do you recall interviewing Inmate Hardney on 12-28-03 concerning a Staff Misconduct filed against Correctional Officer R. Edwards, by Inmate Hardney on 12-25-03, Log #03-0499. Pertaining to the following issues: How C/O Edwards creates a very hostile environment in Building #3, by yelling at Mr. Hardney and others in a disrespectful and harsh manner to provoke a disturbance or incident, and Hardney believed he had become a victim of her abusive nature by singling him out. He also stipulated in the complaint he tried to aproach her to get an understanding why she is directing her hate and rage towards him, but in his attempt, she became even more hostile, yelling at him and creating a scene. He also stipulated he trys to stay away from her, knowing she has priors for provoking and setting up inmates, and she has been counseled on several occasions for her behavior, and that he did not want to be a victim of this Officer's abusive nature, nor does he know how deep her anger is towards him, or what it would manifest into which he stated is why he is filing the complaint. Do you recall these issues within the complaint at the interview on 12-28-03? A: "Not Clear." Q: At the interview, did Hardney tell you something on the lines of, "He did not want to make any trouble for C/O Edwards, nor did he want to create a problem for himself, and that he would stay away from her? A: "Yes, he did." Q: Based on what he told you at the interview on 12-28-03, and belief, if he stayed away from her the problem would no longer exist, is that the reason why he had the complaint withdrawn? A: "Yes." Q: Is it because you believed Mr. Hardney would make a genuine sincere effort to stay away from C/O Edwards. Is that how the complaint was resolved and withdrawn? A: "Hardney requested the appeal be withdrawn." If Mr. Hardney would have brought it to your attention that C/O Edwards is still acting abusive toward him after the complaint was withdrawn, would you have had him locked-up in AD-Seg or moved top Two Yard? A: It would be necessary to reinterview C/O Edwards first.

[CONTINUED ON PAGE 4, PART "C"]

J. Marshall, CORRECTIONAL OFFICER

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| Marshall (4) | | 04/27/04 |

[X] COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | 4-3?-09 | 2050 |

C 115-C (5/95)                                                                                                                                OSP 99 2508

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT - PART C                                               PAGE 5 OF 5

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| D-00599 | Hardney | S1-04-03-0340 | CSP-Solano | 04-08-04 |

[ ] SUPPLEMENTAL   [X] CONTINUATION OF:   [ ] 115 CIRCUMSTANCES   [ ] HEARING   [X] IE REPORT   [ ] OTHER

**INTERVIEW OF STAFF WITNESS:** On 04-08-04, I informed Correctional Sergeant J. Lee that I was assigned as the Investigative Employee for Inmate Hardney, for Rules Violation Report Log #S1-04-03-0340. I asked Correctional Sergeant J. Lee: Q: On March 26, 2004, while Inmate Hardney was en-route to Ad-Seg, do you recall being present in Lieutenant Nielsen's Office on Yard 1 with Inmate Hardney, Lieutenant Nielsen, and Correctional Officer Spencer? And Did Inmate Hardney ask you if you had remembered him complaining to you about how Correctional Officer Edwards has been Harassing him in late January or February 2004? And You responded "Yes you remember him making the complaint to you." Do you recall Hardney asking you this and your response? A: "Yes, I remember." Q: Do You remember when Hardney originally informed you in January/February 2004 about how C/O Edwards was harassing him, and what your response was to his verbal complaint? A: "I went to ask her about you." Q: Having prior knowledge of C/O Edwards harassing conduct towards Hardney, that made him feel threatened enough to report it to you. Did you have any concerns or suspicions about the on-going allegations C/O Edwards made against Hardney with out informing you of any "Dates" or "Time" Hardney's behavior was "Over-familiar" or "Stalking" towards her when she reported this to you or when you became aware of this information on March 26, 2004? If yes, what were your concerns or suspicions? If no, do you think you should have had some concern or suspicions? A: "After she was going to write you up." Q: Within the past 12 months, haven't you received and/or been informed directly or indirectly numerous complaints by inmates and staff concerning C/O Edwards inappropriate, unprofessional attitude, behavior/conduct? A: "Only you." Q: Isn't it true you verbally counseled C/O Edwards for her inappropriate, unprofessional attitude, behavior, conduct or work ethics? A: "No, I asked her about you." Q: At any time did you bring any of the individual complaints or the combined "Total" complaints to the attention of your immediate supervisor, investigation or hiring authorities? As your Supervising Responsibility pursuant to the Departmental Operational Manual section 31140.4.3? A: "No." If yes, when? If no, do you believe it could have compromised and even jeopardize the integrity of the Departments Policies, by preventing her from causing undue harm and punishment upon herself and/or others? A: "No."

Staff witness(es) requested at hearing: Yes
Correctional Officer R. Edwards, Relief C/O #209, M/T
Correctional Officer R. Stewart, Unit #3 Tier, S/M
Sergeant J. Lee, Relief Sergeant #2102, W/Th
Sergeant J. Paradis, Program Sergeant Facility I 2/watch, F/S
Lieutenant M. Nielsen, Lieutenant Facility I 2/watch, S/M
Inmate witness(es) requested at hearing: No
Additional information in confidential report: No
Investigative Employee (IE) at hearing: No

J. Marshall, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
|  | 4/27/04 |

[X] COPY OF CDC 115-C GIVEN TO INMATE

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
|  |  |  |

CDC 115-C (5/95)                                                                 OSP 99-2508

8

STATE OF CALIFORNIA                                                           DEPARTMENT OF CORRE(
RULES VIOLATION REPORT - PART C                                               PAGE 4 OF

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DAT |
|---|---|---|---|---|
| D-00599 | Hardney | S1-04-03-0340 | CSP-Solano | 04-30-0 |

[ ] SUPPLEMENTAL  [XX] CONTINUATION OF:  [ ] 115 CIRCUMSTANCES  [XX] HEARING  [ ] IE REPORT  [ ] OTHER

)) Witness testimony by Correction Officer Edwards:
). Was Inmate Hardney on dayroom restriction from 02/29/04 to 04/29/04?
.. Yes and No. The restriction form stated yard restriction. We received clarificatic
eek later, stating Hardney was on dayroom restriction also.

. Did you document the dates and times Hardney was observed by you in the dayroom fl
atching you?
. I reported the incidents to my supervisor, Sergeant Paradis.

. What comments did Hardney make to you?
. I want to get to know you.
I really appreciate you.
I want to figure you out.
We can have some conversation together.

. After Hardney made these comments, did you notify him that these were unwanted a
iappropriate?
Yes.

. Did you document the dates and times Hardney was waiting for you near the entrance whi
u were exiting the facility and made comments to you?
: Yes. I noted these occurrences on his bed card and notified my supervisor, Sergea
radis.

SPOSITION: Found GUILTY as charged. Worktime credits of 30 days consistent with a Divisi
offense, will be assessed against the subject pursuant to CCR 3323.

bject was warned and counseled on future behavior expectations.

fer to ICC for SHU term assessment.

ject will receive a completed copy of the RVR upon the final audit by the Chief Disciplinar
ficer. This is your notification of the appeal rights and restoration policy. If you a
ssatisfied with the process, the finding or the disposition, you may submit an appeal, Cl
m 602, within fifteen (15) days following receipt of the finalized copy of the CDC-115 ar
115a. You may apply for restoration of forfeited credits per CCR 3327, and CCR 3328
resulting in a credit loss greater than 90 days (Division A-1, A-2, B and C offenses) ar
ision D offenses involving Refusing to Submit to UA will not be restored.

M. CHIRILA, CORRECTIONAL LIEUTENANT

| | SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|---|
| X COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) R. Clark | DATE SIGNED 5-10-04 | TIME SIGNED 2020 |

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, JOHN HARDNEY, declare:

I am over 18 years of age and a party to this action. I am a resident of PELICAN BAY STATE Prison, in the county of DEL NORTE, State of California. My prison address is: JOHN HARDNEY D-00599, P.O. BOX 7500 CRESCENT CITY, CA. 95532.

On APRIL 2011 (DATE),

I served the attached: PETITIONER'S RESPONSE TO DEC. 7, 2010 ORDER FOR SUPPLEMENTAL BRIEFING (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

ATTORNEY GENERAL'S OFFICE
1300 I ST. SUITE NO. 125
P.O. BOX 944255
SACRAMENTO, CA. 94244-2550

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on APRIL 20, 2011 (DATE)   _____ (DECLARANT'S SIGNATURE)